■   In the Matter of PAUL DI BELLA, Appellant, v. WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent.— Judgment, Supreme Court, New York County, entered on February 23, 1972, affirmed, without costs and without disbursements. Petitioner is registered as a longshoreman with respondent ·

Waterfront Commission. On July 19, 1971, respondent suspended petitioner and ordered a hearing for September 15, 1971, to determine whether petitioner's license and registration should be revoked. The reason for these actions was that petitioner had been indicted in the United States District Court for violation of U. S. Code, tit. 18, section 371 and U. S. Code, tit. 26, section 5691. The hearing originally scheduled for September 15, 1971, has been repeatedly adjourned at the request of the United States Attorney and is now adjourned without date until the completion of the trial on the indictment. That trial, which embraces several other defendants, is now set for June, 1972. The petitioner seeks a hearing forthwith, or lifting of the suspension. It is not disputed that the respondent has the power to suspend pending a hearing (*Matter of McNamara* v. *Waterfront Commission of N. Y. Harbor*, 11 A D 2d 1017). The only question is whether the commission in adjourning the hearing has abused its discretion. Resolution of that question depends on the circumstances of the case. The following facts are deemed to be controlling. Petitioner does not claim that he is being deprived of an opportunity to earn a living. He admits that at the time of suspension and for a long period prior thereto he had not taken advantage of his registration and had not worked as a longshoreman. Nor does he now claim a desire to do so. The only deprivation suggested is that should a situation develop whereby he would become entitled to a portion of a guaranteed wage under a union contract he would be prevented from collecting it. Secondly, in order to take disciplinary action the respondent would have to have before it sufficient evidence in support of the criminal charges to make a determination. This evidence cannot be presented without serious prejudice to the criminal prosecution — at least so the authorities claim — and they refuse to make it available to respondent in advance of the criminal trial. It therefore appears that neither the postponement of the hearings nor the suspension interferes with any substantial right of the petitioner; and to require an immediate hearing could well interfere with an important effort at law enforcement. Under these circumstances there has been no abuse of discretion. Concur — McGivern, J. P., Markewich, Steuer and Tilzer, JJ.; Kupferman, J., dissents in the following memorandum: The right to a hearing prior to a determination is so fundamental that I am constrained to dissent. (See *Matter of Sumpter* v. *White Plains Housing Auth.*, 29 N Y 2d 420, 425.) The only question we have is whether the petitioner may be suspended pending a postponed hearing, which hearing is delayed by the commission at the request of the United States Attorney until the petitioner's trial on an indictment. We do not comment on the merits of any aspect of the case or on the initial suspension. We have heretofore with respect to the Waterfront Commission considered their action on a suspension, even though its effect may have been more important with respect to a stabilization program than for the individual employment. (See *Matter of Monella* v. *Waterfront Comm. of N. Y. Harbor*, 29 A D 2d 816.) In *Alderman* v. *United States* (394 U. S. 165, 181), it was said: " The Government concedes that it must disclose to petitioners any surveillance records which are relevant to the decision of this ultimate issue. And it recognizes that this disclosure must be made even though attended by potential danger to the reputation or safety of third parties or to the national security — unless the United States would prefer dismissal of the case to disclosure of the information." With that kind of precedent, the attempt to continue a suspension without a hearing, because of a pending criminal indictment cannot be sustained.